**AFFIRM; and Opinion Filed January 14, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00094-CR
No. 05-13-00095-CR

**COREY DUNN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause Nos. F12-13553-L & F12-13554-L**

## MEMORANDUM OPINION

Before Justices Moseley, Lang, and Brown
Opinion by Justice Brown

Corey Dunn appeals his convictions for aggravated robbery and evading arrest. Appellant pleaded guilty, and the jury assessed punishment at twenty-five years' imprisonment for aggravated robbery and ten years' imprisonment for evading arrest. In four points of error, appellant contends his convictions should be reversed because the trial court failed to admonish him on the ranges of punishment for these offenses. We affirm the trial court's judgments.

Because the circumstances of the underlying offenses are well-known to the parties, we address only those facts necessary to the disposition of this appeal. On August 25, 2012, the trial court conducted a brief plea hearing in these cases. The court asked appellant if he had gone over all the papers that he had signed with his attorney. Appellant indicated he had. The court asked appellant if he understood all the rights that he had in court, and appellant responded that

he did.  Appellant waived formal arraignment and entered his guilty pleas.  Appellant's judicial confessions were admitted into evidence.  The prosecutor stated that she had previously offered appellant "30 years aggravated" and that today she was offering him "20 years aggravated."  She understood that appellant did not want to take the plea bargain.  Defense counsel asked appellant to confirm that he wanted to enter open pleas and indicated appellant had not decided whether to have the judge or a jury assess punishment.  Appellant further said he understood that the State's offer of twenty years was off the table and would not be offered again.  The court found that appellant's pleas were freely and voluntarily made and that that he was competent to make them.  The court passed both cases to a future date.

The proceedings resumed on October 15, 2012 for a jury trial on punishment.  The court stated that, according to the record, appellant was arraigned on August 28, 2012, "entered his pleas of guilty at that time to both offenses and was admonished as to the penalty range, and his legal options at that time."  The prosecutor indicated she had offered appellant another plea bargain that morning, but appellant rejected the offer.  Defense counsel asked appellant if he understood that the full punishment range was available to the jury, and appellant responded affirmatively.  When the jury panel was brought in, the court correctly informed them of the punishment ranges in these cases.  During voir dire, another prosecutor talked about punishment, stating that aggravated robbery was a first-degree felony with a range of five years up to ninety-nine years.  He further stated that the range of punishment for evading arrest was two to ten years in the penitentiary.  The prosecutor explained that the sentences would run concurrently.

After the jury was selected and sworn, the indictments were read and in each instance the trial court asked appellant what his plea was.  Each time appellant stated, "I plead guilty."  After hearing from the witnesses involved in this case, the jury assessed appellant's punishment for

evading arrest at ten years' imprisonment and assessed punishment for aggravated robbery at twenty-five years' imprisonment. These appeals followed.

In his first two points of error, appellant contends the trial court erred when it failed to properly admonish him of the ranges of punishment for these two offenses before it accepted his guilty pleas, as required by article 26.13 of the code of criminal procedure. Article 26.13 provides that prior to accepting a plea of guilty, the court shall admonish the defendant of the range of punishment attached to the offense. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (West Supp. 2012). No objection was made in the trial court to the failure to comply with article 26.13; however, appellant may raise this issue for the first time on appeal. *See Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013).

We agree with appellant that the record does not reflect the trial court admonished him pursuant to article 26.13. At the punishment hearing on October 15, 2012, the trial court stated that appellant was admonished on the ranges of punishment on August 25th, yet nothing in the reporter's record from the August proceedings shows appellant was admonished. Further, the record does not contain any written admonishments indicating the ranges of punishment.

Because appellant's claim in his first two points is based solely on a statutory violation, the standard for determining harm that pertains to claims of non-constitutional error applies. *Id.* This standard is set forth in rule of appellate procedure 44.2(b), which provides that "[a]ny other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). In evaluating harm under this provision, we must look to the record as a whole to determine whether the defendant was aware of the particular information about which he should have been admonished prior to the time the trial court accepted his plea. *Davison*, 405 S.W.3d at 688.

Here, the record reflects that prior to entering his guilty pleas, appellant had considered and rejected more than one plea bargain offer from the State. This shows some awareness of what was at stake and the potential punishments he was facing. Before the trial on punishment began, appellant stated he understood that the full range of punishment was available to the jury. Further, when both the trial court and the prosecutor informed the jury panel of the ranges of punishment in these cases, appellant did not protest or claim to be surprised by this information. To the contrary, appellant reaffirmed his guilty pleas before the jury. Likewise, each jury charge contained the range of punishment and was read in court without objection or any claim of surprise by appellant. We may infer from appellant's "later nonchalance" that he must have been aware of the punishment ranges at the time of entry of the pleas. *See Davison*, 405 S.W.3d at 689; *see also Burnett v. State*, 88 S.W.3d 633, 640 (Tex. Crim. App. 2002). We conclude appellant's substantial rights were not affected by the trial court's failure to comply with article 26.13. We overrule appellant's first and second points of error.

In his third and fourth points of error, appellant contends his due process rights were violated when the trial court failed to properly admonish him of the ranges of punishment for these offenses. Appellant cites the United States Supreme Court's decision in *Boykin v. Alabama*, 395 U.S. 238 (1969), in support of his argument. *Boykin* requires that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily. *Davison*, 405 S.W.3d at 687; *see Boykin*, 395 U.S. at 243. *Boykin* does not require the equivalent of the article 26.13(a)(1) admonishment on the range of punishment. *Davison,* 405 S.W.3d at 687. As long as the record otherwise affirmatively discloses that the defendant's guilty plea was adequately informed, due process is satisfied. *Id.* For a defendant to prevail on such a due process claim, it is not enough that the record is silent regarding whether he was admonished by the trial court; the record must also be silent regarding whether he was otherwise

provided, or nevertheless aware of, the requisite information to render his guilty plea voluntary and intelligent. *Id.* Like appellant's article 26.13 claim, a *Boykin* claim may be raised for the first time on appeal. *Id.* at 690.

Following the court of criminal appeals' reasoning in *Davison*, we conclude that appellant has failed to establish the merits of his due process claim. Here, from the record as a whole, it may be inferred that appellant's open pleas were not made in ignorance of the applicable ranges of punishment. As we have stated, the record shows appellant considered multiple plea bargain offers from the State. Before jury selection, appellant's counsel confirmed that appellant understood the full range of punishment was available to the jury. Also, the appropriate punishment ranges were mentioned in front of the jury panel by both the trial court and the prosecutor. Appellant did not express surprise at the information and proceeded to reaffirm his guilty pleas in front of the jury. Further, the jury charges, read in court, also contained the proper punishment ranges. Again appellant did not express surprise. Nothing in the record affirmatively refutes the inference, derived from appellant's failure to protest when the punishment ranges were mentioned during voir dire and from the fact that he reaffirmed his guilty pleas afterwards, that he must have been aware of the ranges of punishment. *See id.* at 692(despite fact that court incorrectly admonished defendant on range of punishment for lesser offense, record did not show defendant entered unintelligent guilty plea). Thus, the record in these cases fails to demonstrate a violation of due process. We overrule appellant's third and fourth points of error.

We affirm the trial court's judgments.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130094F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

COREY DUNN, Appellant

No. 05-13-00094-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F12-13553-L.
Opinion delivered by Justice Brown.
Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 14th day of January, 2014.


/Ada Brown/

ADA BROWN
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

COREY DUNN, Appellant

No. 05-13-00095-CR  V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F12-13554-L.
Opinion delivered by Justice Brown.
Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 14th day of January, 2014.

/Ada Brown/

ADA BROWN
JUSTICE